## WALKER *versus* DAVIS & *al.*

The indorsee of a note, negotiated to him before its pay-day, in the regular course of business, and without knowledge on his part of any fact, by which it might have been defeated in a suit between prior parties to it, cannot be affected by such a fact, if it existed.

In a suit by such indorsee upon the note, evidence to prove such a fact is therefore inadmissible.

If there be no evidence of the time or circumstances of the indorsement, or of knowledge by the indorsee of any infirmity in the note, the presumption of law is, that the indorsement was made prior to the pay-day, and in the regular course of business, and without knowledge on the part of the indorsee, that the note was subject to any pre-existing equities.

On Exceptions from the District Court, Rice, J.

Assumpsit.

The plaintiff, as indorsee held two small notes, payable to bearer, one of them being against William Davis, the other against Aaron Davis, the father of William. William guarantied the payment of the note against his father, and judgment in favor of the plaintiff was recovered against him for the amount of both notes. This judgment with its interest and cost, amounted to about $117, and was paid as early as February, 1849, to Hiram O. Alden, Esq., one of the plaintiff's attorneys. The note against Aaron Davis was originally for $29.

In August, 1848, Mr. Alden and his co-partner, Mr. Crosby, recovered judgment of $59,39, damage, against Aaron Davis, upon that note, and upon certain money counts.

Upon this judgment, a note of $22,28 was given in May, 1849, signed by said William and Aaron, and payable to Alden & Crosby, or order. It was indorsed to the plaintiff, and this suit is founded upon it.

A witness for the defendant testified that he paid to Mr. Alden the $117, upon the first judgment; and that Mr. Alden said that that judgment included both the note against William and the guarantied note against Aaron. It was then proposed to prove by the witness, what further Mr. Alden then said as to the appropriation of the money. This was proposed

for the purpose of showing that the whole of the last judgment (that which Alden & Crosby had recovered,) as well as the first judgment had been fully paid.

The evidence was objected to, and the Judge excluded it.

The verdict was for the plaintiff, and to that exclusion of the evidence, the defendant excepted.

*Williamson,* for the defendant.

Mr. Alden was acting as attorney to the plaintiff, and within the scope of his authority. His declarations were therefore admissible. They were also admissible as a part of the transaction. 1 Greenl. Ev. sect. 108—113; 2 Stark. Ev. 43 and 60 ; 13 Maine, 386.

*G. W. Crosby,* for the plaintiff.

WELLS, J., orally. — Evidence was offered to prove that the note was given without consideration. Was that evidence admissible ?

It is a rule of law, that the indorsee of a note, negotiated to him before its pay-day, in the regular course of business, and without knowledge on his part of any facts or equities by which it might have been defeated in a suit between former parties to it, cannot be affected by such facts or equities.

In a suit by such an indorsee upon the note, evidence to prove such facts or equities, is therefore inadmissible.

In this case there is no evidence as to the time when, nor of the circumstances under which, it was negotiated to the plaintiff.

In such a case, the presumption of law is, that it was negotiated before the pay-day, and in the regular course of business. Neither is it shown that the plaintiff had a knowledge that the note was given without consideration ; and such knowledge is not to be presumed. The evidence offered was therefore properly excluded.

The declarations of Mr. Alden, proposed to be given in evidence, were made when he received the money for the first judgment, as early as *February,* 1849. But the note in suit

was not made till *May*, 1849. It is not perceived that his declarations, made prior to the inception of the note, could impair the rights of an innocent indorsee.

*Exceptions overruled.*